IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No. 18-10036-JWB

EMMANUEL S. HENDRICKS,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. (Doc. 35.) The United States has filed a response and the matter is ripe for decision. (Doc. 37.) For the reasons stated herein, the motion is DENIED.

**I. Background**

On March 27, 2018, Defendant was charged in a one-count indictment with knowingly possessing a firearm in interstate commerce, after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (Doc. 1.) On May 31, 2018, the United States filed a one-count information alleging that Defendant knowingly possessed a firearm in interstate commerce that had the serial number obliterated, in violation of 18 U.S.C. § 922(k) and 924(a)(1). (Doc. 18.)

On June 5, 2018, Defendant appeared before the court with counsel, waived indictment, executed a plea agreement, and after a hearing conducted pursuant to Fed. R. Crim. P. 11, entered a plea of guilty to the information. (Docs. 20, 21, 22.)

Defendant's written plea agreement with the government provided, among other things: that the parties would jointly recommend the court impose a 60-month custodial sentence; that

Defendant "knowingly waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed" and waives "any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including … a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham,* 237 F.3d 1179, 1187 (10th Cir. 2001));" that Defendant does not waive any subsequent claim regarding ineffective assistance of counsel or prosecutorial misconduct; that Defendant had sufficient time "to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided;" that Defendant has read the plea agreement and understands it, and agrees it is true and accurate and not the result of any threats, duress, or coercion; that the plea agreement supersedes all other agreements or negotiations and contains every term of the parties' agreement; and that Defendant acknowledges he is entering the plea agreement and the plea of guilty because he is guilty, and is doing so freely, voluntarily, and knowingly. (Doc. 22.)

Defendant appeared with counsel for sentencing on August 20, 2018. (Doc. 32.) Neither party objected to the Presentence Report (PSR), which determined that the applicable guideline range was 60 months custody.[1] The court imposed a custodial sentence of 60 months, to be followed by a supervised release term of three years. Judgment was entered on August 22, 2018. (Doc. 28.) No direct appeal was filed.

On August 8, 2019, Defendant filed the instant motion to vacate sentence, which raises three arguments. (Doc. 35.) First, Defendant argues his Sixth Amendment right to the effective

---

[1] Based on a total offense level of 21 and a Criminal History Category of VI, the applicable guideline range would have been 77-96 months, but it was effectively limited by the five-year statutory maximum for offenses under 18 U.S.C. §§ 922(k) and 924(a)(1).

assistance of counsel was violated because his attorney failed to explain the plea agreement and the rights Defendant was giving up, he coerced or induced Defendant into pleading guilty, and he told Defendant to answer "yes" to questions during the plea colloquy. (*Id.* at 4.) Second, Defendant argues the government failed to prove that he was aware of his prohibited status as required by *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (*Id.*) And third, Defendant argues he was unaware that the firearm had traveled in interstate commerce and he therefore entered his plea of guilty unknowingly. (*Id.* at 5.)

**II. 2255 Standard**

Section 2255(a) of Title 28 of the U.S. Code provides in part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States … or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Unless the motion and the record of the case conclusively show the prisoner is entitled to no relief, the court must promptly grant a hearing. 28 U.S.C. § 2255(b). However, if it plainly appears from the motion, any attached exhibits, and the record that the moving party is not entitled to relief, the judge must dismiss the motion. Rule 4(b), Rules Governing Section 2255 Proceedings.

**III. Analysis**

1. <u>Effective assistance of counsel</u>. "The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea." *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (citation omitted.) "To demonstrate that counsel was constitutionally ineffective, a defendant must show that counsel's representation 'fell below an objective standard of reasonableness' and that he was prejudiced as

3

a result." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984)). A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Strickland*, 466 U.S. at 689. To establish prejudice, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. When a defendant alleges that his attorney's deficient performance led him to accept a guilty plea rather than go to trial, a defendant "can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee*, 137 S. Ct. at 1965 (citation omitted.)

Defendant first alleges that his attorney failed to explain the plea agreement to him and failed to explain the rights he was giving up by pleading guilty. Even if the court were to assume the truth of those allegations, Defendant alleges no facts to support any finding of prejudice. *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.") Defendant does not allege he would have insisted on going to trial had his counsel better explained these matters. Nor does he identify any particular provision or right that he misunderstood. In fact, Defendant does not even allege that he misunderstood anything in the plea agreement or about the rights he was giving up. Moreover, the transcript of the Rule 11 hearing shows that, prior to pleading guilty, the court reviewed the terms of the plea agreement with Defendant, explained the rights Defendant would be giving up if he decided to plead guilty, discussed the potential sentence Defendant could receive if he pled guilty, and specifically discussed the waivers in the plea agreement. (*See* Doc. 36 at 15-25.) Defendant represented, under oath, that he understood all of

a result." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984)). A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Strickland*, 466 U.S. at 689. To establish prejudice, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. When a defendant alleges that his attorney's deficient performance led him to accept a guilty plea rather than go to trial, a defendant "can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee*, 137 S. Ct. at 1965 (citation omitted.)

Defendant first alleges that his attorney failed to explain the plea agreement to him and failed to explain the rights he was giving up by pleading guilty. Even if the court were to assume the truth of those allegations, Defendant alleges no facts to support any finding of prejudice. *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.") Defendant does not allege he would have insisted on going to trial had his counsel better explained these matters. Nor does he identify any particular provision or right that he misunderstood. In fact, Defendant does not even allege that he misunderstood anything in the plea agreement or about the rights he was giving up. Moreover, the transcript of the Rule 11 hearing shows that, prior to pleading guilty, the court reviewed the terms of the plea agreement with Defendant, explained the rights Defendant would be giving up if he decided to plead guilty, discussed the potential sentence Defendant could receive if he pled guilty, and specifically discussed the waivers in the plea agreement. (*See* Doc. 36 at 15-25.) Defendant represented, under oath, that he understood all of

these matters. Absent any factual allegation that could support a finding of prejudice, the record shows Defendant is entitled to no relief on this allegation of ineffective assistance.

The same is true with respect to Defendant's allegations that his attorney coerced him into pleading guilty or told him to answer "yes" to the court's questions. Again, Defendant does not even allege that, absent counsel's actions, he would have insisted on going to trial rather than plead guilty. Nor does he cite any facts or circumstances to show that rejecting the plea agreement and proceeding to trial would have been rational under the circumstances.[2] *Cf. Heard v. Addison*, 728 F.3d 1170, 1184 (10th Cir. 2013) (defendant must make threshold showing that proceeding to trial would have been objectively rational under the circumstances.) He thus fails to identify any prejudice from counsel's alleged actions. *See United States v. Almazan*, No. 17-10150-01-EFM, 2019 WL 4537194, *4 (D. Kan. Sept. 19, 2019) (no prejudice where defendant "does not state that he would have proceeded to trial 'absent defendant counsel's ineffectiveness.'") Moreover, Defendant's allegation that his attorney improperly coerced and coached his plea is flatly contradicted by Defendant's representations in the plea agreement and his sworn representations during the Rule 11 hearing. The following exchange took place at the Rule 11 hearing:

> THE COURT: All right. Mr. Hendricks, although you have received legal advice from your lawyer, is the final decision to plead guilty yours, and yours alone?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Has your lawyer ever stated or implied to you in any way that you must plead guilty instead of taking your case to trial?
>
> THE DEFENDANT: No, Your Honor.

---

[2] By pleading guilty to the § 922(k) charge in the information, Defendant's custodial sentence was limited by law to no more than five years. *See* 18 U.S.C. § 924(a)(1). Had he gone to trial and been convicted of the § 922(g)(1) charge in the indictment, Defendant would have been subject to a maximum possible sentence of ten years imprisonment. 18 U.S.C. § 924(a)(2).

> THE COURT: Would it be a fair statement that your lawyer made it clear to you that if you decided you wanted to take the case to trial he would do his best to defend the case on your behalf?
>
> THE DEFENDANT: Yes, Your Honor.

(Doc. 36 at 29-30.) Defendant additionally represented that he was satisfied with his lawyer's advice and representation, and that he knew he could refuse to enter a plea agreement and could insist on taking the case to trial. (*Id.* at 13.) Defendant's current claim that his lawyer somehow coerced his plea of guilty is unsubstantiated by anything that could call into question the truthfulness of his prior sworn representations to this court. *See United States v. Saucedo-Avalos*, No. 14-20071-02-JAR, 2018 WL 2321952, *6 (D. Kan. May 22, 2018) ("Absent a believable reason justifying departure from their apparent truth, the accuracy and truth of a defendant's statements at a Rule 11 proceeding at which his plea is accepted are conclusively established.") (citing *United States v. Glass*, 66 F. App'x 808, 810 (10th Cir. 2003)); *United States v. Hernandez*, ___ F. App'x ___, 2019 WL 2949412, *3 (10th Cir. July 9, 2019) (defendant's "allegations of coercion are insufficient to overcome his sworn declarations both in writing and in open court that his plea was voluntary.") The record thus shows Defendant is entitled to no relief on this claim.

    2. <u>Knowledge of prohibited status</u>. Defendant next seeks relief by arguing the government failed to prove he was aware of his prohibited status as required by *Rehaif v. United States*, 139 S. Ct. 2191 (2019). But as discussed below, any such challenge is now barred by Defendant's waiver of the right to collaterally attack his conviction and sentence.

    "A defendant's waiver of the right to bring a collateral attack is generally enforceable and requires dismissal of a § 2255 motion." *United States v. Winberg*, ___ F. App'x ___, 2019 WL 4184006, *2 (10th Cir. Sept. 4, 2019) (citation omitted.) To determine whether a waiver bars the claim, a court must assess: 1) whether the disputed claim falls within the scope of the waiver of collateral review rights; 2) whether the defendant knowingly and voluntarily waived his collateral

review rights; and 3) whether enforcing the waiver would result in a miscarriage of justice. *Id.* Defendant's current challenge falls squarely within the scope of his waiver of "any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed…." (Doc. 22 at 5.) The record also shows that Defendant knowingly and voluntarily waived his collateral review rights. Defendant does not allege that he misunderstood or acted involuntarily in adopting the waiver. He was provided competent counsel to explain the waiver and the waiver was clearly spelled out in his plea agreement. The court also addressed the waiver with Defendant at the Rule 11 hearing, and after explaining that a defendant who goes to trial has the right to appeal or collaterally attack his conviction, confirmed Defendant's understanding that under the plea agreement "you are generally giving up your right to challenge this prosecution, your conviction, or your sentence in this case, whether by direct appeal or by collateral attack." (Doc. 36 at 22.) Defendant's affirmative response under oath confirms that he understood the waiver and voluntarily agreed to it. (*Id.*) As to the "miscarriage of justice" requirement, that only applies: 1) where the district court relied on an impermissible factor such as race; 2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid; 3) where the sentence exceeds the statutory maximum; or 4) the waiver is otherwise unlawful. *Winberg*, 2019 WL 4184006, at *4 (citing *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004)). Defendant fails to allege any facts that could support any of the possible grounds for a miscarriage of justice. As such, Defendant's argument is barred by his waiver of collateral attack.[3]

---

[3] The court notes the argument is also misguided. *Rehaif* requires the government to prove that a defendant charged with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) knew not only that he possessed a firearm, but also that he belonged to the category of persons (e.g. felons) barred from possessing a firearm. *Rehaif,* 139 S. Ct. at 2200. But Defendant did not plead guilty to a charge under § 922(g)(1). As part of his plea agreement, he pled guilty to an information charging a violation of 18 U.S.C. §§ 922(k) and 924(a)(1). The original § 922(g)(1) charge in the indictment was dismissed at sentencing. (Doc. 32 at 20.) The § 922(k) offense to which Defendant pled guilty does not require the government to show that a defendant was aware that he belonged to a prohibited category.

3. <u>Knowledge of firearm in interstate commerce</u>.  Defendant's claim that his plea was not knowingly made because he lacked knowledge that the firearm he possessed traveled in interstate commerce is likewise barred by Defendant's waiver of the right to collaterally attack his conviction and sentence.  This claim is within the scope of the waiver; Defendant knowingly and voluntarily waived his right to collateral review; and no grounds for finding a miscarriage of justice have been alleged.  As such, the record shows Defendant is entitled to no relief on this claim.

**IV. Conclusion**

Defendant's Motion to Vacate under § 2255 (Doc. 35) is DENIED IN PART and DISMISSED IN PART.  The motion is DENIED with respect to the claim for ineffective assistance of counsel and DISMISSED as to all remaining claims, which are barred by Defendant's waiver of collateral attack.

An appeal from a final order on a § 2255 may not be taken absent a certificate of appealability, which may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court concludes Defendant has failed to make such a showing and accordingly a certificate of appealability is DENIED.

IT IS SO ORDERED this 22nd day of October, 2019.

                                                _____s/ John W. Broomes_____
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE