IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                       Case No. 18-10036-JWB

EMMANUEL S. HENDRICKS,

           Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on Defendant's motion to reduce sentence under 18 U.S.C. §3582. (Doc. 39.) The government has filed a response. (Doc. 41.) No reply has been filed and the time for doing so has expired, making the motion ripe for decision. For the reasons stated below, the motion to reduce sentence is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

**I.  Facts and Procedural History**

On June 5, 2018, Defendant entered a plea of guilty plea to a one-count information charging unlawful possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) and 924(a)(1). (Docs. 18-22.) The authorized maximum punishment for this offense included imprisonment for a term of up to five years. 18 U.S.C. § 924(a)(1). As part of a plea agreement, the parties agreed to jointly recommend a 60-month sentence, and the government agreed to dismiss an indictment (Doc. 1) that charged Defendant under §§ 922(g)(1) and 924(a)(2), which could have subjected Defendant to a sentence of up to ten years imprisonment. (Doc. 22 at 2.)

Defendant's total offense level under the federal sentencing guidelines, after a reduction for acceptance of responsibility, was determined to be 21, and his Criminal History Category was VI, which would have resulted in an advisory guideline range for imprisonment of 77 to 96 months. (Doc. 26 at 25.)  Due to the five-year statutory maximum for the offense, however, the guideline term of imprisonment became 60 months.  The court imposed a 60-month sentence.  (Doc. 28.)

Judgment was entered on August 22, 2018.  (Doc. 28.)  Defendant is now 31 years old. According to the Bureau of Prisons' website, Defendant's projected release date is July 7, 2022. FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Feb. 22, 2021).  Defendant thus has a little over 16 months left on his custodial sentence.  Defendant is currently incarcerated at USP Victorville, a high security penitentiary in California.  According to the BOP's website, USP Victorville currently reports 10 confirmed COVID-19 cases among inmates and 10 cases among staff; no prior deaths from COVID-19, and 509 inmate recoveries from COVID-19 (out of a total inmate population of 1,195) and 67 staff recoveries.  FED. BUREAU OF PRISONS, COVID-19 CORONAVIRUS: COVID-19 CASES, https://www.bop.gov/coronavirus/ (last visited Feb. 22, 2021).

Defendant's motion for compassionate release was filed on January 8, 2021.  (Doc. 39.) The motion makes no mention of any exhaustion of administrative remedies on the request for reduction of sentence.  It indicates that Defendant previously contracted COVID-19.  (*Id.* at 1) ("Covid-19 has infected U.S.P. Victorville… [i]ncluding Mr. Hendricks.")  The motion also alleges that Defendant suffers from obesity and argues that this, along with his inability to maintain distance from others in the facility, places him at high risk for COVID-19 complications.  (*Id.* at 3-4.)  Defendant further argues he does not pose a danger to the community, that he has been locked in his cell for extensive periods as a result of the pandemic, and that the factors in 18 U.S.C.

§ 3553(a) weigh in favor of reducing his sentence "to time served, home confinement, or halfway house" placement. (*Id.* at 1.)

The government opposes the motion. It asserts that BOP records show that Defendant has recovered from COVID-19. (Doc. 41 at 3.[1]) It also asserts that Defendant has failed to exhaust his administrative remedies with the Warden of USP Victorville. (*Id.* at 4.) The government further contends Defendant has failed to show that his condition of obesity is sufficiently serious to warrant a reduction, and also that the factors in § 3553(a) weigh against a reduction. (*Id.* at 18.)

**II.     Legal Standard**

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), was amended by The First Step Act. Under the amendment, a defendant may now file his own motion for release if "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf." *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 (D. Kan. Apr. 10, 2020) (citation omitted); *see also* 18 U.S.C. § 3582(c)(1)(A). This requirement is jurisdictional. *Id*.

Next, the court may reduce a defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court determines that (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) ... and a determination has been made ... that the defendant is not a danger to the safety of any other person or the community." 18 U.S.C.

---

[1] The government's brief includes what appears to be a screen shot or imported picture of a medical record dated December 28, 2020, by Michael Mank, D.O., stating that Defendant "is now Resolved/Recovered from COVID-19." (Doc. 41 at 3.) The underlying document is not attached to the brief, however, and is not accompanied by a certification or sworn testimony affirming that it reflects the contents of the original document.

§ 3582(c)(1)(A)(i-ii). The court must also ensure that any sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. There are four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness or is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; (3) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner; and (4) other extraordinary and compelling reasons. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1.

Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537, *2 (D. Kan. Aug. 24, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)) (holding defendant bears the burden to show reduction is warranted under Section 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020).

**III.   Analysis**

    **A. Exhaustion**

Defendant has failed to satisfy the exhaustion requirement. Nothing in his motion or the record indicates that he made any effort to exhaust his administrative remedies seeking compassionate release as required under 18 U.S.C. § 3582(c)(1)(a). The court is thus without

jurisdiction to consider Defendant's motion. *See United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. July 15, 2020) ("Contrary to Springer's argument, he was required to request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies."); *see also United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *1 (D. Kan. Dec. 4, 2020).

**IV.   Conclusion**

Defendant's motion for sentence reduction under § 3582 (Doc. 39) is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.  IT IS SO ORDERED this 23rd day of February, 2021.

\_\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE